

7/7/2020
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTHONY LEE McNAIR, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )  Civil Action No. 20-1106 (UNA) |
| U.S. GOVERNMENT, | )<br>)<br>) |
| Defendant. | )<br>) |

**MEMORANDUM OPINION**

The plaintiff is a prisoner who currently is incarcerated at the Pender Correctional Institution in Burgaw, North Carolina. Based on the Court's review of the original complaint (ECF No. 1), the plaintiff's declaration (ECF No. 3-1) and memorandum (ECF No. 5), the plaintiff challenges his criminal convictions in the North Carolina courts and demands his immediate release from custody. Essentially, the plaintiff is filing a petition for a writ of habeas corpus.

A habeas action is subject to jurisdictional and statutory limitations. *See Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484 (1973). The proper respondent in a habeas corpus action is the petitioner's custodian, *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004), who in this case is the Warden of the Pender Correctional Institution, whom the plaintiff fails to name as a defendant. Even if the plaintiff had named the proper party, this Court cannot award the relief he demands. The "district court may not entertain a habeas petition involving present physical

1

custody unless the respondent custodian is within its territorial jurisdiction," *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004), and the plaintiff's custodian is not within the territorial jurisdiction of this federal district court.

The Court will grant the plaintiff's application to proceed *in forma pauperis* and dismiss the complaint and this civil action without prejudice. An Order is issued separately.


DATE: July 7, 2020

/s/
JAMES E. BOASBERG
United States District Judge